UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GUSMAN, <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF SAN MATEO, AND DOES 1-50, <br><br> Defendants. | Case No.: 20-cv-7820-YGR <br><br> **ORDER DENYING MOTION TO DISMISS SECOND AMENDED COMPLAINT** <br><br> DKT. NO. 23 |

Presently before the Court is the motion (Dkt. No. 23) of defendant County of San Mateo to dismiss the Second Amended Complaint ("SAC") of plaintiff David Gusman. The County seeks to dismiss the SAC on the grounds that plaintiff has failed to allege compliance with the California Government Claims Act ("GCA") and the claims under California law are therefore barred.

Having carefully considered the papers submitted, the matters properly subject to judicial notice,[1] and the pleadings in this action, the Court **DENIES** the motion to dismiss. For the reasons set forth below, the Court finds that while plaintiff has failed to allege compliance with the California Government Claims Act, he has alleged facts sufficient to establish a basis for equitable estoppel against dismissal on those grounds.

---

[1] Defendant seeks judicial notice of: (a) the GCA claim sent by plaintiff to the County of San Mateo in March 2021; and (b) felony complaint filed on October 22, 2019, in San Mateo County Superior Court, Case Number 19-SF-013524A, *People of the State of California v. David Chavarria Gusman, Sr*. (Dkt. No. 23-2, 23-2.) That request is **GRANTED**. In opposition, plaintiff submits the Declaration of Melissa Nold attaching copies of letters sent by counsel to the County and to the City of Redwood City, and a letter to counsel from Redwood City's insurance administrator. (Dkt. Nos. 25-1 to 25-4, inclusive.) Defendant objects that such evidence is improper in response to a motion under Rule 12(b)(6). The Court finds these letters to be the proper subject of judicial notice in connection with this motion for the same reasons defendant's evidentiary submission is proper—they are documents referenced in the allegations of the SAC, considered for their effect, not for the truth of matters stated therein. The objection is therefore **OVERRULED**.

## I. SUMMARY OF ALLEGATIONS

### A. Allegations Regarding Injury

Plaintiff's Second Amended Complaint (Dkt. No. 25, "SAC") alleges the following:

On October 7, 2019, during daylight hours, plaintiff David Gusman was standing in the private parking lot of the 24-Hour Fitness Center, near 268 Redwood Shores Boulevard in Redwood City, California, when an unidentified law enforcement officer approached him. (SAC ¶¶ 1, 13-14.) Fearing the officer, Gusman fled on foot and the officer pursued him on foot. After a brief pursuit, Gusman stopped and attempted to surrender when the officer shot him in the back of the head with a taser gun. (*Id*. ¶¶ 2, 15.) The taser struck Gusman in the skull and he lost consciousness, falling to the ground (*Id*. ¶¶ 2, 16.) Gusman woke up at the hospital hours later, where he underwent surgery to remove the taser barb from his skull. (*Id*. ¶¶ 3, 17.) While he was in the hospital, a member of the hospital staff told Gusman that he had been tased in the head by a Redwood City Police Officer. (*Id*. ¶ 17.) An unidentified law enforcement officer spoke to Gusman at the hospital and apologized for tasing him in the head. (*Id*.) Gusman suffered disfigurement to his face and head, as well as permanent damage to his right ear and right eye, causing him vision and hearing loss on his right side. (*Id*. ¶¶ 3, 24.) Upon release from the hospital, Gusman was taken into custody, where he remained until mid-2020.

### B. Allegations Regarding Notice To Public Entity

One week after the incident, on October 14, 2019, Gusman's counsel sent correspondence both to the Redwood City Police Department and the San Mateo County Sheriff's Department seeking all available records related to the subject incident and alleging that plaintiff was seriously injured during the incident. (SAC ¶ 19.) The letters, each addressed to the Records Division for the entity, included the identical text as follows:

> To whom it may concern:
>
> I have been retained by Mr. David Gusman. On October 7, 2019, Mr. Gusman was tased in the back of the head by a member of law enforcement, while in the parking lot of the 24-hour Fitness, located at 268 Redwood Shores Blvd., in Redwood City. Mr. Gusman suffered a significant ear, eye and head injury as a result of the unlawful tasing and required emergency surgery.

> This correspondence constitutes Mr. Gusman's demand for preservation of all evidence related to this incident. In addition, I am seeking any and all records related to this incident, including but not limited to: police reports; incident reports; body camera footage; surveillance footage; photographs; dispatch recordings; CAD reports; medical records; and ambulance reports.
>
> If you have any questions, please give us a call.

(Dkt. No. 25-2, 25-3.) Neither entity responded to these letters.

On April 7, 2020, exactly six months after the incident, plaintiff's counsel filed a Government Tort Claim against the City of Redwood City, alleging that Gusman's injuries were caused by a Redwood City Police Department officer. (SAC ¶ 20.) Gusman alleges in the SAC that the tort claim was filed with Redwood City based on "prior representations" that Gusman's injuries were caused by a Redwood City Police officer. (*Id.* ¶ 20.)

On April 16, 2020, City of Redwood City's insurance management company, Acclamation Insurance Management Services ("AIMS"), sent a letter to Gusman's counsel. (SAC ¶ 21; Dkt. No. 25-3.) The letter acknowledged receipt of the claim against Redwood City and indicated that AIMS would be investigating and making recommendations to the City about acceptance or rejection of the claim. (Dkt. No. 25-3.) No further response or formal rejection to the Government Tort Claim was sent to plaintiff or his counsel. (SAC ¶ 21.)

**C.    Procedural History of this Case**

On November 5, 2020, plaintiff filed a complaint for damages under federal and state law against the City of Redwood City and unnamed Doe defendant officers. (Dkt. No. 1.) Gusman alleged a claim under 42 U.S.C. section 1983, California common law claims for negligence and battery, and a claim under California's Bane Act, Civil Code section 52.1 against the Doe officers. The complaint alleged a single claim for *Monell* liability under section 1983 against the City.

Plaintiff alleges that thereafter, on December 23, 2020, Redwood City Police Department Deputy Chief Gary Kirby notified plaintiff's counsel that Gusman's injuries were caused by a San Mateo Sheriff's Department Deputy and *not* a Redwood City Police Officer. (SAC ¶ 22.) Deputy Chief Kirby provided a police report number related to the San Mateo Sheriff's Department incident. (*Id.*)

3

On January 4, 2021, plaintiff requested from the Court, and was granted, leave to file an amended complaint naming the County of San Mateo as a defendant, again asserting only the single federal claim against the County under *Monell,* and the additional claims under section 1983 and state law against the Doe officers. (Dkt. No. 10.) The County then moved to dismiss the single *Monell* claim. (Dkt. No. 19.)

In response, on March 15, 2021, Gusman amended his complaint for the second time, dropping the *Monell* claim entirely and amending the state law claims to assert them, for the first time, against the public entity defendant (the County) in addition to the unnamed Doe officers. (Dkt. No. 22.) On March 16, 2021, the day after filing the SAC, plaintiff sent a Government Tort Claim letter to the County of San Mateo. (County RJN Exh. A, Dkt. No. 23-3.)[2]

## II. LEGAL FRAMEWORK

Defendant County of San Mateo moves to dismiss the three claims under California law claims against it on the grounds that plaintiff has not alleged compliance with, or excuse from, the requirements of the California Government Claims Act (GCA), Cal. Gov't Code § 810 *et seq.*, and is therefore barred from pursuing his state law claims against the County. "Failure to allege facts in a complaint demonstrating or excusing compliance with" the GCA "subjects the complaint to a motion to dismiss for failure to state a cause of action." *Comm. for Immigrant Rights v. County of Sonoma*, 644 F. Supp. 2d 1177, 1205 (N.D. Cal. 2009) (citation omitted); *State of California v. Superior Ct. (Bodde)*, 32 Cal. 4th 1234, 1239 (2004).

The GCA contains a complex set of deadlines for presentation of claims against public entities and for relief from failure to present a claim timely. In the simplest case, a claim for personal injury or death against a state or local governmental entity, or against a government employee acting in the scope of employment, must be presented to the public entity within ***six months*** after accrual of the cause of action. Cal. Gov't Code §§ 911.2(a); 950.2 (action against

---

[2] The Court notes that the March 2021 government claim letter is addressed to the "Clerk of the Board of Supervisors" and states that "Mr. Gusman was recently made aware that his injuries were caused by a member of the San Mateo County Sheriff's Department" but identifies the "AGENCY" as "the municipal, county, or state entity, which governs the *City of Redwood City, California.*" (Dkt. No. 23-3 at ECF pg. 4, 6 (emphasis supplied).)

4

public employee).[3]  If the public entity rejects the claim, suit thereon must be filed within *six months* of the notice of rejection.  Cal. Gov't Code § 945.6(a)(1).  If the public entity fails to give notice of rejection of the claim, suit must be filed within *two years* of accrual of the cause of action.  Cal. Gov't Code § 945.6(a)(2).[4]  The date of accrual for purposes of these sections is defined as "the date upon which the cause of action would be deemed to have accrued within the meaning of the statute of limitations which would be applicable thereto if there were no requirement that a claim be presented" to the public entity.  Cal. Gov't Code § 901.

The GCA includes a two-step process for relief from section 911.2's six-month time limitation for presenting a claim.  If a claimant fails to present a claim within the six-month limit, the claimant may make an application to the public entity for leave to present a late claim, and must include the claim and the reasons for the delay in presenting it.  Cal. Gov't Code § 911.4(b).  The application for presenting a late claim must be submitted to the public entity within a reasonable period *not to exceed one year*, though any time period during which the claimant is mentally incapacitated and has no guardian or conservator of the person is not counted toward the one-year limit.  Cal. Gov't Code § 911.4 (b), (c).  If such a late claim application is filed, the entity has *45 days* to act on it or else it is deemed denied.  Cal. Gov't Code § 911.6(a), (c).  If the public entity denies the application, or it is deemed denied by inaction, the claimant may, *within six months* of the denial date, file a petition in the superior court seeking relief from the claim filing requirement.

---

[3] There is an exception to the statutory bar in section 950.2 for actions against public employees: "A cause of action against a public employee or former public employee is not barred by Section 950.2 if the plaintiff pleads and proves that he did not know or have reason to know, within the period for the presentation of a claim to the employing public entity as a condition to maintaining an action for such injury against the employing public entity, as that period is prescribed by Section 911.2 or by such other claims procedure as may be applicable, that the injury was caused by an act or omission of the public entity or by an act or omission of an employee of the public entity in the scope of his employment as a public employee." Cal. Gov't Code § 950.4.

[4] The Court notes that the GCA includes additional provisions tolling the time for filing suit against a law enforcement officer or public entity during the time charges are pending against the claimant and during the time in which the claimant is imprisoned.  *See* Cal. Gov't Code §§ 945.3, 945.6.  However, those provisions do not extend the time for filing the GCA claim itself, and do not appear to change the analysis here.

5

Cal. Gov't Code § 946.6(a), (b).[5] Relief from the claim filing requirements must be granted if the superior court finds that an application to present a late claim under section 911.4 was made within a reasonable time; was denied or deemed denied; and the claimant shows that the failure to present the claim timely was due to: (*i*) the injured party's death; (*ii*) minority, or physical or mental incapacity for the entire initial six-month claims period; or (*iii*) mistake, inadvertence, surprise, or excusable neglect (absent a showing of prejudice by the public entity). Cal. Gov't Code § 946.6(c). If the court grants the petition for relief from the claim requirements, the prospective plaintiff must file suit **within 30 days** of the superior court's order. Cal. Gov't Code § 946.6(f).[6]

The GCA includes a number of potential waiver provisions. For instance, if the initial presentation of the claim did not provide all the information listed in sections 910 and 910.2, the public entity must provide a notice of such insufficiencies within 20 days or else waive defenses based on defects or omissions in the claim. Cal. Gov't Code §§ 910.8, 911. Similarly, if a government claim is untimely and not accompanied by an application for leave to present a late claim, the public entity is required to give the claimant notice of the untimeliness and a warning that the claimant's only option is to file an application for leave to present a late claim. Cal. Gov't Code § 911.3(a). If the public entity fails to provide such a warning to the claimant within 45 days of presentation of the (late) claim, the public entity waives the defense of untimeliness. Cal. Gov't Code § 911.3(b).

### III. DISCUSSION

The County moves to dismiss on the grounds that Gusman failed to submit a GCA claim against it within the six-month limitation period and is therefore barred for failure to allege compliance with the GCA. The claim accrued on October 7, 2019, but the SAC alleges that he did not submit a government claim to the County until March 2021. Further, the County argues that plaintiff never made any late-claim application, instead sending a belated government claim with

---

[5] If the application for presenting a late claim is granted by the public entity, the claim is deemed presented as of the day it is granted. Cal. Gov't Code § 912.2.

[6] The court has no power to order the public entity to accept filing of a late claim, but only allow filing of a lawsuit *without the submission of a government claim at all*. *Ard v. Cty. of Contra Costa*, 93 Cal. App. 4th 339, 343 (2001).

no explanation for the delay more than 16 months after his injury in October 2019. Thus, the conclusory allegation that Gusman presented a "timely government tort claim with the County" (SAC ¶ 12) is fails and the SAC should be dismissed.

Gusman offers two arguments against dismissal. First, Gusman contends that the October 14, 2019 letter he submitted to the County constituted a GCA claim or substantial compliance with the GCA. Second, Gusman argues the County should be equitably estopped from asserting the GCA as a bar to the claims against it. The Court considers each argument in turn.

### A. Letter to the County Complied, or Substantially Complied, with GCA

Gusman first argues that his October 14, 2019 constituted a GCA claim since it met all the requirements set forth in Government Code section 910 or, at least, "substantially complied" with the claims requirements. Plaintiff contends that the letter put the County on notice of his damages and, since the County failed to respond to the claim, it was deemed rejected by operation of the GCA statute as of November 28, 2019, giving him two years from accrual of the claim to file a timely suit, pursuant to Cal. Gov't Code sections 912.4, and 945.6(a)(2).

The County argues that the letter's contents do not meet the requirements of section 910[7] and, even if they did, a letter to the Sheriff's Department does not constitute proper presentation of a claim since the letter was not sent to the appropriate public entity, *i.e.* it was sent to the **Sheriff**, not the **County**.

On the latter point, section 915 states that a claim under the GCA must be presented to the "clerk, secretary, or auditor" of the local public entity. Cal. Gov't Code § 915(a). The statute further provides that the claim will be deemed to have been presented in compliance with this section the claim is "actually received by the clerk, secretary, auditor, or board of the local public

---

[7] Section 910 states that a claim must show all the following: (a) claimant's name and address; (b) address where notices should be sent; (c) the date, place and other circumstances of incident that gave rise to the claim; (d) a general description of the injury or damages; (e) the name of the public employee(s) causing the injury, damage, or loss, if known; and (f) the amount claimed if less than $10,000, or whether the claim would be a limited civil case, along with a basis for its calculation. *See* Cal. Gov't Code § 910. Plaintiff did not allege in the SAC that the October 14, 2019 letter was his government claim. Given the Court's conclusion that it was not presented to a proper person for purposes of the GCA, the Court does not reach the question of whether the contents of the letter substantially complied with the requirements of section 910.

7

entity" within the statutory time period. Cal. Gov't Code § 915(e), (f). Even if not initially presented to the proper entity, a claim will be deemed properly presented so long as it is ***received*** by the proper entity within the statutory time limit. Cal. Gov't Code § 915(e).[8] Moreover, if the face of the claim discloses some defects, the public entity has an obligation to notify the claimant of those defects timely or else waive a defense based on a defective claim. *Id*. at 707-08 (citing sections 910.8, 911, and 911.3).

Claims that substantially comply with the content requirements of sections 910 and 910.2, regardless of how they are captioned or titled, have been deemed sufficient when they provide sufficient information "to enable a public entity to investigate and evaluate the claim to determine whether settlement is appropriate." *Phillips v. Desert Hosp. Dist.*, 49 Cal.3d 699, 706, 711 (1989). However, service on an incorrect public entity, or on someone other than the designated recipient for a public entity, generally does not constitute substantial compliance. *DiCampli-Mintz v. Cty. of Santa Clara*, 55 Cal. 4th 983, 992 (2012) ("Section 915(e)(1) reflects the Legislature's intent that a misdirected claim will satisfy the presentation requirement if the claim is 'actually received' by a statutorily designated recipient."); *Santee v. Santa Clara Cty. Off. of Educ.*, 220 Cal.App.3d 702, 707, 714 (1990) (late claim application filed with the Santa Clara County Board of Supervisors did not constitute substantial compliance for claim required to be filed with separate, unrelated entity, Santa Clara County Office of Education, even though Board initially granted application and only later notified plaintiff it was the wrong public entity).

Thus, in *DiCampli-Mintz*, the California Supreme Court held that a medical malpractice notice, served on an employee of a public hospital's medical staffing office and addressed to the hospital's Risk Management Department and the individual doctors, was not substantial compliance where the claim was required to be served upon the County. *DiCampli-Mintz*, 55 Cal.4th at 991-92. While acknowledging earlier authorities holding that delivery of a claim to a governing body could constitute substantial compliance as to a claim against a subordinate entity of that body, the California Supreme Court held that the reverse situation—service on a subordinate

---

[8] Neither the SAC nor the matters judicially noticeable suggest that the County actually received the October 14, 2019 letter.

employee or agency—would not. *Id.* at 997; *Westcon Constr. Corp. v. Cty. of Sacramento*, 152 Cal. App. 4th 183, 200 (2007) (service of a claim for additional compensation on a county's assigned project engineer did not constitute substantial compliance for service on the county itself); *Johnson v. San Diego Unified Sch. Dist.*, 217 Cal.App.3d 692, 699-70 (1990) (claim filed with the State Board of Control was not substantial compliance where claim required to be filed with a local school district); *Del Real v City of Riverside*, 95 Cal.App.4th 761 (letter from claimant to police officer who injured plaintiff in traffic accident bore "little or no resemblance to a government tort claim" and did not comply with section 915's requirement to serve or show receipt by governing body).

Here, as in *DiCampli-Mintz* and *Westcon Construction*, the Court concludes that even if the October 14, 2019 letter included all or substantially all the elements of a claim under section 910, plaintiff did not deliver or send the letter to an appropriate subordinate of the County. The letter was addressed to the Records Division of the Sheriff's Department. Plaintiff does not allege or suggest that such delivery would constitute presentation to the appropriate person under section 915 nor that an appropriate person at the County actually received the letter. Plaintiff's reliance on *Phillips v. Desert Hospital Distr.*, 49 Cal.3d 699 (1989), is misplaced since that case concerned the sufficiency of the contents of the putative claim, not whether it was presented to an appropriate person at the correct public entity. As the California Supreme Court stated in *DiCampli-Mintz*, "[f]inding compliance when *any* agency employee is served exponentially expands the scope of the statute" and "plac[es] a duty on a public employee who receives a misdirected claim to forward it to the proper agency," a result inconsistent with the GCA's statutory scheme. *DiCampli-Mintz*, 55 Cal.4th at 996 (emphasis supplied). Consequently, the Court finds that delivery of the October 14, 2019 letter does not constitute substantial compliance.

### B. Equitable Estoppel

In the alternative, plaintiff argues that the County should be equitably estopped from asserting a statute of limitations defense because it failed to respond to the October 14, 2019 letter. Plaintiff argues that he acted diligently in seeking the information from *both* potentially responsible police agencies, but the County effectively concealed its identity as the responsible public entity

when it refused to produce the documents requested in the letter. He contends that was entitled to the requested documents under California's Public Records Act and they would have allowed him to identify the involved officer and law enforcement agency in time to file a claim against the correct entity. Thus, plaintiff asserts that the County was apprised of the facts of his injuries and his efforts to identify the responsible party, and that he detrimentally relied on the County's failure to respond to the records request.

"'The government may be bound by an equitable estoppel in the same manner as a private party'" when the requisite elements are established. *Lentz v. McMahon,* 49 Cal.3d 393, 400 (1989) (quoting *City of Long Beach v. Mansell*, 3 Cal.3d 462, 496-497 (1970)). The required elements for equitable estoppel against a public entity are: "(1) the public entity was apprised of the facts, (2) it intended its conduct to be acted upon, (3) plaintiff was ignorant of the true state of facts, and (4) [the plaintiff] relied upon the conduct to his detriment." *Santos v. Los Angeles Unified Sch. Dist.*, 17 Cal.App.5th 1065, 1076 (2017) (quoting *Christopher P. v. Mojave Unified School Dist.*, 19 Cal.App.4th 165, 170 (1993)). "'Estoppel most commonly results from misleading statements about the need for or advisability of a claim.'" *Id*. at 1075 (quoting *John R. v. Oakland Unified School Dist.*, 48 Cal.3d 438, 445 (1989)). "However, '[e]quitable estoppel does not require factually misleading statements'" but may also be shown by concealment of facts. *Id*. at 1075-76. (quoting *J.P. v. Carlsbad Unified School Dist*. 232 Cal.App.4th 323, 335 (2014)); *see also Ortega v. Pajaro Valley Unified Sch. Dist.*, 64 Cal. App. 4th 1023, 1047 (1998) (estoppel depends upon whether "the public entity or one of its agents engaged in some calculated conduct or made some representation or *concealed facts* which induced the plaintiff not to file a claim or bring an action within the statutory time") (emphasis supplied). Further, "'actual fraud or the intent to mislead is not essential.'" *Santos*, 17 Cal.App.5th at 1076 (quoting *John R.*, 48 Cal.3d at 445).

Plaintiff's reliance on the public entity's conduct must be reasonable under the circumstances. *Santos*, 17 Cal.App.5th at 1076. Likewise, the propriety of estoppel depends on the reasonableness of the *public entity*'s conduct and the seriousness of the effect of its conduct on the claimant, taking into account all the circumstances. *Driscoll v. City of Los Angeles*, 67 Cal. 2d 297, 306-308 (1967) (reasonableness of agency's conduct depends on whether "inaccurate advice or

information is negligently ascertained or given" and whether it concerns "matters that gravely affect the welfare" of the claimant).

While estoppel may be decided as a matter of law where all evidence of it is undisputed, generally equitable estoppel presents factual issues not suitable for determination on the pleadings. *Santos*, 17 Cal.App.5th at 1076; *see also Bertorelli v. City of Tulare,* 180 Cal.App.3d 432, 440 (1986) ("In the usual case, estoppel is a question of fact to be resolved by the trier of facts. However, when 'the facts are undisputed, the existence of an estoppel is a question of law.'") (quoting *Cal. Cigarette Concessions v. City of L.A.*, 53 Cal.2d 865, 868 (1960)); *Cuadros v. Superior Ct.*, 6 Cal.App.4th 671, 675 (1992) (doctrine of equitable estoppel requires balancing of equities and "is a factual question entrusted to the trial court's discretion"). Thus, for example, in *Santos*, the California Court of Appeal reversed the trial court's grant of summary judgment in favor of the public entity, finding plaintiffs offered evidence sufficient to create a triable issue of fact. *Santos*, 17 Cal.App.5th at 1077-79. Plaintiffs were injured by a police vehicle driven by an officer of the Los Angeles School Police Department ("SPD"). In determining the responsible public entity for purposes of the GCA, plaintiffs relied on the business card given to them by an SPD officer at the time of the incident, as well as a misrepresentation by another SPD employee regarding the appropriate claim form. *Id*. at 1077-78. Neither the business card nor the form indicated that the SPD was a subdivision of the Los Angeles Unified School District ("USD"). *Id*. As a result, plaintiff failed to file a claim timely with USD. *Id*. at 1078. Plaintiff also filed a claim with the City of Los Angeles which was denied by the City on the grounds that *the SPD* was a "separate public entity," which the court found relevant to the reasonableness of plaintiff's belief that filing with SPD was appropriate. *Id*. at 1068, 1078-79. Thus, the court in *Santos* found a basis for equitable estoppel because "at a minimum, [plaintiffs' evidence] raises a triable issue of fact whether [USD] concealed the fact that it was the responsible public entity." *Id*. at 1077; *Sofranek v. Cty. of Merced*, 146 Cal.App.4th 1238, 1251-2 (2007) (where county mailed identical rejection notices several months apart, claimant "would be justified in relying on the County's conduct as indicative that the County was waiving its right to stand on the first rejection notice.")

Here, the County argues that equitable estoppel does not apply because plaintiff does not allege an affirmative misrepresentation by the County. While the County is correct that plaintiff has not alleged an affirmative misrepresentation regarding the County's involvement, plaintiff has alleged facts sufficient to establish that the County concealed its involvement by its failure to respond to the request for any police reports or other records concerning the incident.

Further, the County argues that plaintiff reasonably should have been aware of the identity of the officer and thus was not ignorant of the true facts. The allegations here tell a different story. Plaintiff alleges that he was shot in the back of the head with a taser gun and lost consciousness, awaking hours later in the hospital where he underwent emergency surgery. (SAC ¶¶ 2, 3, 16, 17.) He alleges that, at the time, hospital staff told him he was tased by a Redwood City Police Officer. (*Id*. ¶ 17.) He alleges that, as a result, he suffered permanent impairment of his hearing and vision. (SAC ¶¶ 3, 16, 17.) While the matters subject to judicial notice show there were felony charges against plaintiff, including resisting arrest, the criminal complaint on the public docket only identifies the involved officer as "Ryan Ayers who was then and there a peace officer." (Declaration of Sarah H. Trela In Support of Defendant's Request for Judicial Notice, Ex. B at 2.) The criminal complaint neither identifies which agency employed Ayers nor states that Ayers was the officer who fired the taser at plaintiff's head. Based on these allegations, the Court cannot find plaintiff's ignorance of the identity of the officer who injured him was not reasonable as a matter of law.

Plaintiff further alleged that he submitted a claim to the City of Redwood City, that its insurance management company investigated the claim, and that he was only notified on December 23, 2020 that the involved officer was a San Mateo Sheriff's deputy when the Redwood City Deputy Chief provided a police report number, plaintiff has alleged a basis for estoppel. (SAC ¶¶ 20-23.) Taken together, these allegations sufficiently state a basis for equitably estopping the County from asserting noncompliance with the GCA as a bar to suit against it.[9]

---

[9] Defendant contends plaintiff's allegations of misleading conduct by Redwood City or its insurance company cannot establish estoppel against the County. Defendant is correct that equitable estoppel cannot be established solely based on the conduct of a separate agency. *See Johnson v. San Diego Unified Sch. Dist.*, 217 Cal. App. 3d 692, 700, 701 (1990), *modified* (Feb. 20,

12

Accordingly, the Motion to Dismiss the Second Amended Complaint is **DENIED**.

Defendant's answer shall be filed within 21 days of this order.

This terminates Docket No. 23.

**IT IS SO ORDERED**.

Date: June 25, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

1990) (no justification for equitable estoppel against school district where conduct alleged to have been undertaken by State Board of Control not school district, which had no agency relationship with State Board with respect to matters at issue). Here, however, plaintiff alleges conduct by the County: failure to provide required police records of the incident and consequent concealment of its responsibility. The allegations concerning Redwood City merely provide additional support concerning the reasonableness of plaintiff's reliance on the County's alleged conduct.